**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3860-17T3

DITECH FINANCIAL, LLC,

    Plaintiff-Respondent,

v.

RAFAEL CUELLO, MRS. RAFAEL
CUELLO, MORTGAGE ELECTRONIC
SYSTEMS, INC., AS NOMINEE FOR
COUNTRYWIDE BANK, N.A.,

    Defendants.

_____

Submitted May 30, 2019 – Decided July 9, 2019

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-008739-08.

Bastarrika Soto Gonzalez & Somohano LLP, attorneys for appellant Juana Urena (Franklin G. Soto, on the brief).

RAS Citron LLC, attorneys for respondent (Micah C. Pakay, on the brief).

PER CURIAM

Juana Urena, the successful bidder at sheriff's sale of the property securing the mortgage foreclosed in this case, appeals from the denial of her motion to set aside the sale. Urena claims she bid on the property in error, believing it was another property on the same street and "confused the bids." Judge LaConte denied the motion, and one for reconsideration, finding Urena failed to present the sort of "fraud, accident, surprise, or mistake, [or] irregularities in the conduct of the sale" that would permit the Chancery court to set it aside. See First Tr. Nat. Assoc. v. Merola, 319 N.J. Super. 44, 49-50 (App. Div. 1999).

When Urena failed to complete the transaction by paying the balance of her $160,000 bid, plaintiff moved to vacate the sale, seeking forfeiture of Urena's deposit. Judge LaConte granted the motion vacating the sale, but limited the forfeiture to the commissions, fees, costs and interest associated with rescheduling the sale and any loss to plaintiff from a lesser bid at any subsequent sale. Urena appeals, arguing the Chancery judge abused his discretion by "failing to consider the severity of her bidding error" and "not giving due consideration" to her mistaken bid.

A-3860-17T3

We disagree. The law has long been settled that the Chancery court's "power to set aside judicial sales based upon competitive bidding should be sparingly exercised." Karel v. Davis, 122 N.J. Eq. 526, 529 (E. & A. 1937). The integrity of the sheriff sale process, "designed as it is to secure the highest and best price in cash then obtainable for the property, demands that a sale so conducted shall be vacated only when necessary to correct a plain injustice." Merola, 319 N.J. Super. at 52 (quoting Karel, 122 N.J. Eq. at 529).

As there is nothing in this record to suggest any irregularity in the sale, Judge LaConte was correct to deny Urena relief from her bid, which was the sole result of her own carelessness. See Karel, 122 N.J. Eq. at 528 (noting "a purchaser at a judicial sale is not ordinarily entitled to be relieved of his bid on the ground of mistake flowing from his own culpable negligence"). His ruling on the forfeiture of Urena's deposit, limiting it to an amount necessary to make plaintiff whole, is the only equitable relief to which she was entitled.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-3860-17T3